United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICTORIA ROSADO,
Plaintiff,
v.
PROJECT 7, INC.,
Defendant.

Case No. 26-cv-06632-NW

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: ECF No. 9

Before the Court is Defendant Project 7, Inc.'s motion to dismiss Plaintiff Victoria Rosado's complaint in its entirety. ECF No. 9. The Court DENIES Project 7's motion in part, and GRANTS, in part, the motion WITHOUT LEAVE TO AMEND.[1]

## I. BACKGROUND[2]

In April 2026, Plaintiff Victoria Rosado purchased Defendant Project 7, Inc.'s candy product, "Joyride Crunchy Candy Gummy Busters Berry Mix," from a Target store in San Jose, California. Rosado relied on Project 7's labeling and advertising when purchasing the candy,

[1] Along with its motion to dismiss, Project 7 filed a request for judicial notice of two federal agency publications: (1) the U.S. Environmental Protection Agency's *Citric Acid Supply Chain – Full Profile* (December 2022), referenced in Rosado's complaint; and (2) the U.S. Department of Agriculture's *Citric Acid and Salts – Handling/Processing* technical report, published by the USDA in December 2023. ECF No. 9-1. Because the Court makes its findings in this Order without relying on the publications, the publications were unnecessary to the findings in this Order, and the Court declines to take judicial notice of them at this time. *See* In re *Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, No. 16-cv-06391-BLF, 2020 WL 7664461, at *4 (N.D. Cal. Dec. 24, 2020) (citing *Carson v. Bank of Am. NA*, 611 Fed. App'x 379, 380 n.1 (9th Cir. 2015) (declining to take judicial notice of the requested documents "because the documents are not relevant or necessary to the determination of this case.").

[2] The facts are taken from the Complaint, ECF No. 1-1, unless otherwise noted. For the purposes of resolving a motion to dismiss, the Court takes the factual allegations of the complaint as true. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

including a representation appearing on the front of the candy's packaging that the product is "naturally flavored." Rosado alleges that the candy actually contains manufactured citric acid, which she claims is an artificial ingredient. Manufactured citric acid is extracted from a type of black mold, *Aspergillus niger*, using synthetic chemical solvents. Rosado contends that she would not have purchased Project 7's candy, or would have purchased it at a substantially lower price, had she known at the time of purchase that it contained manufactured citric acid.

On May 18, 2026, Rosado filed a complaint against Project 7 in Santa Clara Superior Court alleging Project 7 falsely and deceptively advertised its candy products as being "naturally flavored." ECF No. 1-1 ("Complaint") ¶ 2. Rosado's complaint asserts seven causes of action on behalf of herself and a putative class of consumers, arising out of Project 7's alleged deceptive advertising of its Joyride-branded candy products as "naturally flavored": (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (3) violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (4) breach of express warranty; (5) restitution based on quasi-contract/unjust enrichment; (6) intentional misrepresentation; and (7) negligent misrepresentation.

On June 30, 2026, Project 7 removed the case to this Court under the Class Action Fairness Act of 2005, and separately because complete diversity exists between the parties. 28 U.S.C. §§ 1332(a), (d); ECF No. 1.

On July 31, 2026, Project 7 moved to dismiss all of Rosado's claims, arguing (1) that Rosado's UCL, FAL, and CLRA claims fail because manufactured citric acid is by definition a "natural flavor" under the federal Food, Drug, and Cosmetic Act ("FDCA"), 21 C.F.R. § 101.22(a)(3); and (2) that Rosado's remaining common law claims fail to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6) and Rule 9(b). ECF No. 9 ("Motion"). The motion is fully briefed. ECF Nos. 13, 15. The Court has determined that the motion is suitable for resolution without oral argument. *See* Civil Local Rule 7-1(b).

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

A defendant may seek dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). Courts generally "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031. But a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### B. Rule 9(b)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Rule 9(b)'s heightened pleading requirements, plaintiffs whose claims sound in fraud must plead "the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (citation omitted). Rule 9(b) applies not only to specific acts of fraud but to any claim based on "a unified course of fraudulent conduct," such that a claim is "grounded in fraud." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). Rule 9(b) thus applies to state and federal unfair competition and false advertising claims where the plaintiff alleges "false statements," "fraud," "false advertising," and "false and misleading statements." *See Yelp, Inc. v. ReviewVio, Inc.*, No. C 23-06508 WHA, 2024 WL 2883668, at *2 (N.D. Cal. June 6, 2024) (quoting *23andMe v. Ancestry.com*, 356 F. Supp. 3d 889, 908 (N.D. Cal. 2018)).

## III. DISCUSSION

### A. UCL, FAL, and CLRA Claims

The UCL prohibits engaging in "unlawful, unfair or fraudulent business act[s] or practice[s] and [disseminating] unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Likewise, the FAL prohibits false and misleading statements in advertising. *See* Cal. Bus. & Prof. Code § 17500. Similarly, the CLRA prohibits engaging in certain enumerated categories of "unfair methods of competition and unfair or deceptive acts or practices" in connection with selling goods and services, including misrepresenting the characteristics of those goods and services. Cal. Civ. Code §§ 1770(a)(5), (7), (9), (16).

Project 7 raises four arguments in requesting dismissal of Rosado's UCL, FAL, and CLRA claims: (1) that Rosado's claims are preempted under the Nutrition Labeling and Education Act, 21 U.S.C. § 343-1(a), or should be dismissed under the primary jurisdiction doctrine because Project 7's fermented citric acid is a "natural flavor" under the FDCA; (2) that Rosado does not sufficiently allege that Project 7's product contains anything "artificial"; (3) that Rosado does not sufficiently allege what "natural" and "artificial" mean to consumers; and (4) that Rosado does not sufficiently allege that Project 7 had a duty to disclose "artificial flavors" in its products. Motion, at 14–28.

Here, Rosado plausibly alleges that Project 7 uses citric acid to flavor its candy, that Project 7's citric acid is produced from an artificial source or contains artificial additives, and that a reasonable consumer is likely to be misled by Project 7's "naturally flavored" statement on its candy packaging. *See* Complaint, at ¶¶ 20–40; *Jones v. Reed's, Inc.*, No. 25-CV-07102-JCS, 2026 WL 622724, at *12 (N.D. Cal. Mar. 5, 2026) (collecting cases in this District finding similar allegations in false advertising cases involving product labels are sufficient to meet the requirements of Rule 9(b)); *Squeo v. Campbell Soup Co.*, No. 24-CV-02235-SVK, 2024 WL 4557680, at *4 (N.D. Cal. Oct. 22, 2024) ("Plaintiffs' well-supported allegations render it highly likely that the citric acid included in the chips was artificially produced. At the very least, those allegations permit the Court to reasonably infer that the chips contain artificially produced citric acid."); *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (whether a consumer is

likely to be deceived "will usually be a question of fact not appropriate for decision on demurrer"); *see, e.g.*, *Tapia v. Coca-Cola Co.*, No. 22-cv-01362-HSG, 2023 WL 2621346, at *4 (N.D. Cal. Mar. 23, 2023) ("At this stage, the Court cannot say as a matter of law . . . that a reasonable consumer would not be deceived by the product label.").

Project 7 argues that Rosado's allegations are thin and unwarranted, and suggests that this litigation is predatory. Motion, at 1 (stating, "This case is among the latest wave of 'natural' labeling lawsuits where the plaintiff takes an ingredient that originates from natural sources, recounts the industrial steps used to manufacture it at scale, and asks the court to declare it 'artificial' because the manufacturing process sounds unappealing. The theory has no logical stopping point, since most ingredients in packaged food are processed in some way"). Project 7 may be correct. It may well be that Project 7's citric acid is "derived from a qualifying natural source," and that Project 7 completely removes solvent residues from its citric acid "in accordance with good manufacturing practice." *Id.* at 15, 23. But at this stage of the case, Rosado's allegations are sufficient to state claims under the UCL, FAL, and CLRA.

Accordingly, Project 7's motion to dismiss is DENIED as to Rosado's claims under the UCL, FAL, and CLRA (counts 1, 2, and 3).

**B. Breach of Express Warranty Claim**

In requesting dismissal of the breach-of-express-warranty claim, Project 7 argues that the claim must fail because Project 7 did not expressly warrant that its products "do not contain artificial flavors or any flavoring ingredients with significant chemical modification." Motion, at 28 (quoting Complaint ¶ 119). But "courts in this district regularly hold that stating a claim under California consumer protection statutes is sufficient to state a claim for express warranty." *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1095 (N.D. Cal. 2017) (citing *Tsan v. Seventh Generation, Inc.*, 2015 WL 6694104, at *7 (N.D. Cal. Nov. 3, 2015) (because plaintiffs satisfied the reasonable consumer standard with respect to their California consumer protection claims, the same "allegations [we]re sufficient to state a claim for breach of express warranty"); *see also Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1195 (N.D. Cal. 2014) (denying motion to dismiss breach of express warranty claim "for the same reasons as the consumer protection and

misrepresentation-based claims"). As Rosado's consumer protection claims "are sufficient to state a claim under the reasonable consumer standard, they are likewise sufficient to state a claim for breach of express warranty." *Cooper v. Curallux LLC*, 2020 WL 4732193, at *7 (N.D. Cal. Aug. 14, 2020).

Accordingly, Project 7's motion to dismiss is DENIED as to Rosado's breach of express warranty claim (count 4).

**C. Unjust Enrichment/Restitution Claim**

Project 7 argues that Rosado's unjust enrichment claim fails under California law because it is not a standalone cause of action, it is derivative of Rosado's consumer protection and warranty theories, and because a quasi-contract restitution claim cannot proceed where the plaintiff has an adequate legal remedy.

"The Ninth Circuit and the California Supreme Court have allowed claims for unjust enrichment to proceed as quasi-contract claims seeking restitution . . . 'where plaintiffs, while having no enforceable contract, nonetheless have conferred a benefit on defendant which defendant has knowingly accepted under circumstances that make it inequitable for the defendant to retain the benefit without paying for its value.'" *LyricFind, Inc. v. Musixmatch, S.p.A.*, No. 25-CV-02265-JSC, 2026 WL 2280737, at *4 (N.D. Cal. Aug. 6, 2026) (quoting *Hernandez v. Lopez*, 180 Cal. App. 4th 932, 938 (2009), as modified (Dec. 28, 2009)); *see also City of Oakland v. Oakland Raiders*, 83 Cal App. 5th 458, 477 (2022) ("There is no cause of action in California labeled 'unjust enrichment.' . . . But common law principles of restitution require a party to return a benefit when the retention of such benefit would unjustly enrich the recipient; a typical cause of action involving such remedy is 'quasi-contract.'").

Rosado alleges that she conferred a benefit on Project 7 by paying the purchase price for its product, and that Project 7 obtained that benefit through deceptive advertising. Complaint ¶¶ 125–127. These allegations are sufficient to plausibly allege a claim for unjust enrichment seeking restitution on a quasi-contract theory. But Project 7 argues that Rosado cannot pursue equitable relief, like unjust enrichment or restitution, because she has an adequate remedy at law: the alleged price premium she paid for Project 7's candy, believing it to be "naturally flavored," as the

packaging represents. Motion, at 27–28. Though Rosado cannot recover both damages and restitution for the same harm, she may plead a claim for restitution in the alternative to damages at this stage of the case. *See Ambassador Hotel Co. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1032 (9th Cir. 1999). And "[w]hile equitable relief requires there be inadequate legal remedy, [Rosado is] pursuing claims of varying scope and ha[s] alleged so in the complaint." *Krystofiak v. BellRing Brands, Inc.*, 737 F. Supp. 3d 782, 806 (N.D. Cal. 2024); *see* Complaint ¶¶ 118–122 (seeking injunctive relief and punitive damages for Project 7's conduct in addition to damages for the price premium she paid for Project 7's products).

Accordingly, Project 7's motion to dismiss is DENIED as to Rosado's unjust enrichment/restitution claim (count 5).

**D. Intentional Misrepresentation Claim**

Project 7 argues that Rosado did not plead knowledge of falsity (scienter), an element of her intentional misrepresentation claim. Motion, at 28–29; *see Carter v. Rasier-CA, LLC*, No. 17-CV-00003-HSG, 2017 WL 4098858, at *4 (N.D. Cal. Sept. 15, 2017) (listing elements of intentional misrepresentation, aff'd, 724 F. App'x 586 (9th Cir. 2018). Because intentional misrepresentation sounds in fraud, Rosado must meet the Rule 9(b) heightened pleading standard.

Here, Rosado alleges only that Project 7 "knew or should have known that the representations [that their products are "naturally flavored"] were misleading." Complaint ¶ 134. Rosado points to no facts establishing that Project 7 knew the presence of the citric acid in its products rendered the products not "naturally flavored," and yet, irrespective of that knowledge, choose to label them that way to mislead their customers. Instead, Rosado asserts that Project 7's labeling of its products as "naturally flavored," combined with its knowledge that its products contain its "manufactured" citric acid, amounts to knowledge of falsity. *Id.* ¶ 132. While the Court finds that, at least at this stage of the proceedings, these allegations can survive a motion to dismiss for negligent misrepresentation, Rosado's "facts" do not amount to fraud under Rule 9(b). Because no facts consistent with Rosado's pleading could cure this deficiency, amendment to the claim would be futile. *See Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, 817 F. App'x 380, 383 (9th Cir. 2020) (a court "acts within its discretion to deny leave to amend when

United States District Court
Northern District of California

amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith").

Project 7's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to Rosado's claim for intentional misrepresentation (count 6).

**E. Negligent Misrepresentation Claim**

Negligent misrepresentation differs from intentional misrepresentation in that it "does not require scienter or intent to defraud." *See Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173–74 (Cal. 2003) (quotation omitted). Instead, a plaintiff must establish that the defendant made the misrepresentation without "reasonable ground for believing it to be true." *Id.* at 174 (quoting Cal. Civ. Code §§ 1710(2), 1572(2)). Negligent misrepresentation claims are also subject to the Rule 9(b) heightened pleading standard.

Here, Project 7 argues that the complaint does not allege Project 7 lacked reasonable grounds for believing its "naturally flavored" representation was true. Motion, at 29. While this may prove to be correct, Rosado has nevertheless asserted that the FDA has "sent warning letters to companies stating that certain products labeled as 'natural' are misbranded because they contain ***artificial*** citric acid as an ingredient," and that "[s]everal courts—including the Ninth Circuit—have found it plausible that citric acid produced from *Aspergillus niger* fermentation is not natural and may be considered an artificial flavor." Complaint ¶¶ 27–28 (emphasis in original). Rosado therefore plausibly pleads that Project 7 lacked reasonable grounds for believing that manufactured citric acid is a "natural" ingredient.

Because Rosado plausibly states a claim for negligent misrepresentation, Project 7's motion to dismiss is DENIED as to that claim (count 7).

## IV. CONCLUSION

The Court finds that Rosado has sufficiently pleaded her claims under the UCL, the FAL, and the CLRA (counts 1–3), as well as her claims for breach of express warranty, unjust enrichment/restitution, and negligent misrepresentation (counts 4, 5, and 7, respectively). Rosado has not sufficiently pleaded her claim for intentional misrepresentation (count 6), and amendment of that claim would be futile. Thus, the Court DENIES Project 7's motion to dismiss as to counts

United States District Court
Northern District of California

1–5 and 7, and GRANTS WITHOUT LEAVE TO AMEND Project 7's motion to dismiss as to count 6. Project 7 must answer Rosado's complaint within 14 days.

**IT IS SO ORDERED.**

Dated: October 12, 2026

Noël Wise
United States District Judge