Peter A. Arhangelsky, Esq. (SBN 291325)
CIVIL COUNSEL GROUP LLP
200 E. Van Buren St., Suite 1000
Phoenix, AZ 85004
Em: Peter.Arhangelsky@civilcounsel.com
*Attorney for Defendant Project 7, Inc.*

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. Van Buren Street, Suite 1000
Phoenix, Arizona 85004
(602) 691-0808

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA ROSADO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROJECT 7, INC., a Texas corporation, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 5:26-cv-06632-NW<br><br>**DEFENDANT PROJECT 7, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Noël Wise<br><br>Complaint Filed: May 18, 2026<br>Action Removed: June 30, 2026 |

Defendant Project 7, Inc., dba Joyride Candy ("Project 7"), by and through its undersigned counsel, answers the Class Action Complaint (ECF No. 1-1) (the "Complaint") filed by Plaintiff Victoria Rosado ("Plaintiff") as follows. Except as expressly admitted below, Project 7 denies each allegation of the Complaint, including any allegation contained in its headings, footnotes, figures, and images.

**SUMMARY OF THE ACTION**

1. Project 7 admits that Plaintiff purports to bring this action on behalf of a putative class of purchasers of the Products, and admits that Joyride-branded candy products are sold online and at retail locations in California and elsewhere in the United States. Project 7 denies that this action may properly be maintained as a class action, denies that Plaintiff or any putative class member is entitled to any relief, and denies the remaining allegations of Paragraph 1.

2. Deny. Project 7 specifically denies that the Products are falsely or deceptively advertised, denies that citric acid is a flavor or flavoring ingredient in the Products, artificial or otherwise, and denies that the U.S. Food and Drug Administration ("FDA") has defined the citric acid in the Products as an artificial flavor. Project 7 avers that the Products contain natural flavors apart from citric acid, and the Complaint does not allege otherwise.

3. Deny.

4. Project 7 admits that Plaintiff purports to bring this action individually and on behalf of a putative class, and that Plaintiff purports to seek the monetary and injunctive relief described in Paragraph 4. Project 7 denies that Plaintiff or any putative class member is entitled to any relief, denies that this action may properly be maintained as a class action, and denies the remaining allegations of Paragraph 4.

5. Project 7 admits that the images following Paragraph 5 purport to depict the front labels of certain Joyride-branded products. The labels of the Products speak for themselves. Project 7 denies that the images depict the complete labeling of any Product, which includes an ingredient statement and other information not shown; denies that the circles and other annotations superimposed on the images are part of any label; and denies the remaining allegations of Paragraph 5 and footnotes 1 through 6, including that the Products may be defined to include flavors that are "not limited to" those identified in the Complaint.

6. Deny. Project 7 avers that the Products contain natural flavors apart from citric acid, and the Complaint does not allege otherwise.

7. Deny.

8. Deny.

9. Deny. Project 7 further denies that the Products are "supplement products."

## PARTIES

10. Project 7 lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's citizenship, her purchases of any Product (including the alleged April 2026 purchase from a Target store in San Jose, California), what she read or relied upon, and what she would have done under different circumstances, and on that basis denies

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

them. Project 7 admits that it approved the labels of the Products and that Products bearing those labels have been sold in California and elsewhere in the United States. Project 7 denies that the Products contain artificial flavoring ingredients and denies the remaining allegations of Paragraph 10.

11. Project 7 lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's desires, intentions, beliefs, level of sophistication, and observations in stores, and on that basis denies them. Project 7 denies that the words "Naturally Flavored" are false, denies that the Products were "marred by false advertising or labeling," denies that the Products are "supplement products," denies that Plaintiff faces any risk of future harm or is entitled to injunctive relief, and denies the remaining allegations of Paragraph 11.

12. Project 7 admits that it is a Texas corporation with its principal place of business in Austin, Texas, and that it markets and sells Joyride-branded candy products, including the Products, online and through third-party retailers. Project 7 further admits that Joyride-branded products are sold in California. Project 7 denies the remaining allegations of Paragraph 12.

13. Paragraph 13 contains allegations concerning fictitiously named defendants, to which no response by Project 7 is required. To the extent a response is required, Project 7 lacks knowledge or information sufficient to form a belief about the truth of those allegations, and on that basis denies them. Project 7 denies that it is liable to Plaintiff in any respect.

**JURISDICTION AND VENUE**

14. Paragraph 14 states legal conclusions to which no response is required. Paragraph 14 also concerns the jurisdiction of the Superior Court of California, County of Santa Clara, and is moot following Project 7's removal of this action to this Court on June 30, 2026. ECF No. 1. To the extent a response is required, Project 7 admits that this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332, and denies the remaining allegations of Paragraph 14.

15. Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, Project 7 denies the allegations of Paragraph 15.

16. Paragraph 16 states legal conclusions concerning venue in the Superior Court, to which no response is required, and is moot following removal. To the extent a response is required, Project 7 admits that venue lies in this District and Division under 28 U.S.C. § 1441(a) because this action was removed from the Superior Court of California, County of Santa Clara, and admits that Joyride-branded products are sold at retail locations in Santa Clara County. Project 7 lacks knowledge or information sufficient to form a belief about where Plaintiff purchased any Product, and on that basis denies that allegation. Project 7 denies that it made any misrepresentation and denies the remaining allegations of Paragraph 16.

17. Deny.

18. Paragraph 18 states a legal conclusion concerning California Code of Civil Procedure § 395.5, to which no response is required, and is moot following removal. To the extent a response is required, Project 7 denies the allegations of Paragraph 18.

19. Paragraph 19 states legal conclusions to which no response is required. To the extent a response is required, Project 7 does not contest that this Court may exercise personal jurisdiction over Project 7 with respect to Plaintiff's individual claims, but denies that the Court may exercise personal jurisdiction over Project 7 with respect to claims asserted on behalf of putative class members who are not California residents and who did not purchase the Products in California. Project 7 admits that Joyride-branded products are offered for sale at retail locations in California, including in Santa Clara County. Project 7 denies the remaining allegations of Paragraph 19.

## FACTUAL ALLEGATIONS

20. Project 7 admits that citric acid is an ingredient in certain Products, as disclosed in their ingredient statements, and that the labels of certain Products bear the words "Naturally Flavored." Paragraph 20, Figure 1, and footnotes 7 and 8 purport to characterize an FDA database entry and third-party publications, which speak for themselves; Project 7 lacks knowledge or information sufficient to form a belief about the truth of the statements in the third-party publications, and on that basis denies them. Project 7 specifically denies that citric acid is

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

used as a flavor or flavorant in the Products, denies that the Products are falsely, deceptively, or misleadingly marketed, and denies the remaining allegations of Paragraph 20.

21. Paragraph 21 and footnote 9 purport to characterize a 2015 technical report published by the U.S. Department of Agriculture ("USDA"), which speaks for itself, and Project 7 denies any characterization inconsistent with it. Project 7 avers that the USDA's National Organic Program classifies citric acid "produced by microbial fermentation of carbohydrate substances" as a nonsynthetic substance. 7 C.F.R. § 205.605(a)(1). Project 7 denies that the cited report establishes that citric acid functions as a flavor in any Product, and denies the remaining allegations of Paragraph 21.

22. Deny. Project 7 specifically denies that citric acid is a flavor or flavoring agent in the Products; denies that citric acid is, "by its chemical nature," a flavoring additive; and denies that citric acid constitutes, characterizes, simulates, resembles, or reinforces the characterizing flavor of any Product within the meaning of 21 C.F.R. § 101.22(i). In the alternative, even if citric acid were deemed to impart flavor to any Product, it would be a "natural flavor" under 21 C.F.R. § 101.22(a)(3) for the reasons stated in response to Paragraph 23.

23. Project 7 admits that citric acid is an ingredient in the Joyride Gummy Busters Berry Mix product and in certain other Products, as disclosed in their ingredient statements. Project 7 specifically denies that the citric acid used in the Products is "synthetic," "artificial," or "derived from heavy chemical processing," and denies that it contains any residues of chemical solvents. To the extent Paragraph 23 and footnotes 11 and 12 characterize 21 C.F.R. § 173.280 or third-party publications, those materials speak for themselves, and Project 7 denies any characterization inconsistent with them. Project 7 denies the remaining allegations of Paragraph 23.

24. Project 7 lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the manufacturing or economics of extracting citric acid from other natural sources and the practices of other manufacturers, and on that basis denies them. Project 7 denies that commercial fermentation renders citric acid artificial and denies the remaining allegations of Paragraph 24.

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

25. Paragraph 25 purports to quote and characterize 21 C.F.R. § 173.280, which the Complaint misidentifies as "12 C.F.R. § 173.280." That regulation speaks for itself, and Project 7 denies any characterization inconsistent with it. Project 7 specifically denies that the citric acid used in the Products contains any residues of chemical solvents, and avers that the Complaint's residue allegation apparently rests on the text of § 173.280, not on any testing of the Products. Project 7 denies the remaining allegations of Paragraph 25.

26. Paragraph 26 and footnote 13 purport to quote and characterize third-party publications, which speak for themselves. Project 7 lacks knowledge or information sufficient to form a belief about the truth of the statements in those publications, including statements concerning worldwide production practices and allergenicity, and on that basis denies them. Project 7 denies that the cited publications establish that citric acid produced through fermentation is "artificial" under any applicable legal standard, including 21 C.F.R. § 101.22, denies that the citric acid used in the Products is artificial, and denies the remaining allegations of Paragraph 26.

27. Paragraph 27 and footnote 14 purport to characterize a 2001 FDA warning letter sent to a third party, which speaks for itself. Project 7 was not a party to that correspondence, lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning it, and on that basis denies them. Project 7 avers that FDA warning letters are informal and advisory and do not constitute final agency action; that, as described in the Complaint, the referenced letter addressed "All Natural" claims for whole products rather than the definition of "natural flavor" in 21 C.F.R. § 101.22(a)(3); and that the Complaint does not allege that the letter identified the source or substrate of the citric acid at issue. Project 7 denies that any Product is misbranded and denies the remaining allegations of Paragraph 27.

28. Paragraph 28 purports to characterize a 2001 FDA warning letter sent to a third party, which speaks for itself. Project 7 was not a party to that correspondence, lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning it, and on that basis denies them. Project 7 denies the remaining allegations of Paragraph 28.

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

29. Paragraph 29 and footnote 15 purport to reproduce and characterize a schematic from a U.S. Environmental Protection Agency ("EPA") publication, the *Citric Acid Supply Chain Profile*, which speaks for itself and which the Complaint incorporates by reference. Project 7 admits that the schematic reproduced in Paragraph 29 identifies the input to the citric acid manufacturing process as "Substrate (Corn)." Project 7 denies the Complaint's characterization of sulfuric acid as a "synthetic solvent[]"; denies that the use of any processing aid in recovering citric acid from a fermentation renders the citric acid artificial or alters the plant source from which it is derived; and denies the remaining allegations of Paragraph 29.

30. Project 7 lacks knowledge or information sufficient to form a belief about the source, provenance, date, or subject matter of the images in Paragraph 30, including whether they depict the production of citric acid or of any ingredient used in the Products, and on that basis denies the allegations of Paragraph 30. Project 7 specifically denies that the citric acid used in the Products is produced through a process that is "visibly artificial" or artificial in any respect, and avers that whether a flavor is natural under 21 C.F.R. § 101.22 turns on the source from which the flavor is derived, not on the appearance of the equipment used to produce it.

31. Paragraph 31 and footnotes 16 and 17 purport to characterize third-party publications, which speak for themselves. Project 7 lacks knowledge or information sufficient to form a belief about the truth of the statements in those publications, and on that basis denies them. Project 7 avers that FDA has affirmed citric acid as generally recognized as safe for use in food with no limitation other than current good manufacturing practice. 21 C.F.R. § 184.1033(c). Project 7 denies that the citric acid used in the Products contains solvent residues, impurities, or fragments of any microorganism, denies that it poses any health risk, and denies the remaining allegations of Paragraph 31.

32. Paragraph 32 consists of legal argument and characterizations of judicial decisions, to which no response is required. Those decisions speak for themselves. To the extent a response is required, Project 7 denies that any of the cited decisions held that citric acid produced through fermentation of a plant-derived substrate is an "artificial flavor" under

21 C.F.R. § 101.22, denies that those decisions govern the claims in this action, and denies the remaining allegations of Paragraph 32.

33. Paragraph 33 consists of legal argument and a characterization of *Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531 (9th Cir. 2016), to which no response is required. That unpublished decision speaks for itself. To the extent a response is required, Project 7 avers that *Brazil* concerned "All Natural Fruit" labeling and did not construe or apply the definition of "natural flavor" in 21 C.F.R. § 101.22(a)(3), and Project 7 denies the remaining allegations of Paragraph 33.

34. Project 7 admits that the images following Paragraph 34 appear to depict excerpts of content that has appeared on Project 7's website at certain times, and refers to that content for its complete text and context. Project 7 lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning content on third-party retailer websites, and on that basis denies them. Project 7 denies that it formulates the Products with a "non-natural (synthetic and chemical) flavor," denies that the website content is false or misleading, and denies the remaining allegations of Paragraph 34.

35. Deny.

36. Deny.

37. Project 7 denies that the words "Naturally Flavored" are false, misleading, deceptive, or unlawful. Project 7 avers that the ingredient statement on each Product's label discloses the Product's ingredients, including natural flavors and, where present, citric acid. Project 7 lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the knowledge, habits, and practices of Plaintiff and consumers generally and the findings of the studies cited in footnote 18, and on that basis denies them. Project 7 denies the remaining allegations of Paragraph 37.

38. Project 7 lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 38 and footnote 19, and on that basis denies them.

39. Project 7 admits that it continues to sell Products bearing the words "Naturally Flavored," and avers that it does so because that statement is accurate and consistent with

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

21 C.F.R. § 101.22. Paragraph 39(b) states legal conclusions concerning Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, to which no response is required. Project 7 denies the remaining allegations of Paragraph 39, including each of subparagraphs (a) through (d), and specifically denies that it knew or should have known that the words "Naturally Flavored" are false, misleading, deceptive, or unlawful.

40. Project 7 admits that it received a letter from Plaintiff's counsel dated December 9, 2025, which purports to provide notice under California Civil Code § 1782(a). That letter speaks for itself. The remaining allegations of Paragraph 40 state legal conclusions to which no response is required. To the extent a response is required, Project 7 denies that it made any false or misleading claim, denies that it violated the Consumers Legal Remedies Act ("CLRA"), denies that the letter satisfied California Civil Code § 1782 as to any Product, claim, or person not identified in it, and denies the remaining allegations of Paragraph 40.

41. Project 7 lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's purchase, and on that basis denies them. Project 7 denies that the Products Plaintiff did not purchase are substantially similar to the product she alleges she purchased, and avers that the Products comprise multiple distinct product lines (including gummies, strips, ropes, twists, wedges, and chews) and more than twenty flavors that differ in formulation, ingredients, flavor profile, texture, labeling, and the amount and role of citric acid. Responding to the subparagraphs of Paragraph 41: (a) Project 7 admits that it markets and sells the Products, and denies the remaining allegations of subparagraph (a); (b) Project 7 admits that the Products are sold under the Joyride brand name; (c) Project 7 admits that the Products are sold for personal consumption, and denies the remaining allegations of subparagraph (c); (d) Project 7 admits that the Products are candy products intended for consumption, and denies the remaining allegations of subparagraph (d); (e) Project 7 admits that the labels of certain Products bear the words "Naturally Flavored," and denies the remaining allegations of subparagraph (e); (f) Project 7 admits that citric acid is an ingredient in certain Products, denies that citric acid is a flavoring ingredient in the Products, artificial or otherwise, denies that the citric acid is "manufactured" in any sense that renders it artificial, and refers to its responses to Paragraphs 22

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

and 23; and (g) Project 7 denies the allegations of subparagraph (g). Project 7 denies the remaining allegations of Paragraph 41.

42. Paragraph 42, including subparagraphs (a) through (e), states legal conclusions and argument to which no response is required. To the extent a response is required, Project 7 denies the allegations of Paragraph 42, denies that Plaintiff or any putative class member is entitled to equitable or injunctive relief, and avers that Plaintiff has an adequate remedy at law for the alleged price premium she seeks to recover.

## CLASS ALLEGATIONS

43. Project 7 admits that Plaintiff purports to bring this action as a class action on behalf of the putative "Nationwide Class" and "California Subclass" defined in Paragraph 43. Project 7 denies that this action may properly be maintained as a class action, denies that the putative classes are ascertainable or satisfy the requirements of Federal Rule of Civil Procedure 23, and denies the remaining allegations of Paragraph 43.

44. Paragraph 44 describes persons Plaintiff purports to exclude from the putative classes and requires no response. To the extent a response is required, Project 7 denies that any class may properly be certified and denies the allegations of Paragraph 44.

45. Paragraph 45 purports to reserve rights and requires no response. To the extent a response is required, Project 7 denies that Plaintiff may amend the class definitions without satisfying applicable procedural requirements, reserves all objections to any amended class definition, and denies the allegations of Paragraph 45.

46. Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, Project 7 lacks knowledge or information sufficient to form a belief about the number, identity, or location of persons who purchased the Products, many of whom purchased from third-party retailers, and on that basis denies the allegations of Paragraph 46. Project 7 denies that the requirements of Rule 23 are satisfied.

47. Paragraph 47, including subparagraphs (a) through (o), states legal conclusions to which no response is required. To the extent a response is required, Project 7 denies the allegations of Paragraph 47.

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

48. Deny. Project 7 specifically denies that Plaintiff's claims are typical of the claims of the putative class. Plaintiff identifies a single specific purchase of one flavor of one Product from one retailer, while putative class members purchased different Products, with different formulations, flavors, and labels, through different retailers and channels, at different prices, and for different reasons.

49. Project 7 lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the experience and competence of Plaintiff's counsel, and on that basis denies them. Project 7 denies that Plaintiff is an adequate representative of the putative class and denies the remaining allegations of Paragraph 49.

50. Deny, including each of subparagraphs (a) through (e).

51. Deny.

52. Deny.

53. Project 7 lacks knowledge or information sufficient to form a belief about what Plaintiff and her counsel are aware of, and on that basis denies those allegations. Project 7 denies that this action may properly be maintained as a class action and denies the remaining allegations of Paragraph 53.

**COUNT ONE**

**Violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.***

54. Project 7 incorporates by reference its responses to each of the preceding paragraphs of the Complaint as though fully set forth herein.

55. Project 7 admits that Plaintiff purports to bring the First Cause of Action under California's Unfair Competition Law ("UCL") on behalf of herself and a putative California Subclass. Project 7 denies that Plaintiff or any putative class member is entitled to any relief, denies that any class may properly be certified, and denies the remaining allegations of Paragraph 55.

56. Paragraph 56 purports to quote and characterize the UCL, which speaks for itself. No response is required. To the extent a response is required, Project 7 denies any characterization inconsistent with the statute and denies that it violated the UCL.

57. Project 7 admits that the labels of certain Products bear the words "Naturally Flavored" and that the Products are sold at retail stores and online. Project 7 denies that it made any false or misleading statement or fraudulent omission regarding the Products, denies that the Products contain any artificial flavor, and denies that citric acid is a flavoring ingredient in the Products, artificial or otherwise. Project 7 avers that the Products contain natural flavors apart from citric acid, and the Complaint does not allege otherwise. Project 7 denies the remaining allegations of Paragraph 57.

58. Project 7 admits that it knows that the Products contain the ingredients disclosed on their labels, including, where present, citric acid. Project 7 denies that citric acid is a flavoring agent in the Products. Project 7 denies the remaining allegations of Paragraph 58.

59. Deny.

60. Deny.

61. Paragraph 61 states legal conclusions and purports to quote the UCL, to which no response is required. To the extent a response is required, Project 7 denies the allegations of Paragraph 61.

62. Deny.

63. Deny.

64. Project 7 admits that Plaintiff purports to seek the injunctive relief described in Paragraph 64. Project 7 denies that Plaintiff or any putative class member is entitled to that relief or to any relief, and denies the remaining allegations of Paragraph 64.

65. Deny.

66. Deny. Project 7 further avers that punitive damages are not recoverable under the UCL.

**"Unfair" Prong:**

67. Paragraph 67 states a legal standard and characterizes a judicial decision, to which no response is required. To the extent a response is required, Project 7 denies that it engaged in any unlawful, unfair, or fraudulent conduct and denies the allegations of Paragraph 67.

68. Deny.

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

69. Paragraph 69 states a legal standard and characterizes a judicial decision, to which no response is required. To the extent a response is required, Project 7 denies that it engaged in any unlawful, unfair, or fraudulent conduct and denies the allegations of Paragraph 69.

70. Deny.

71. Paragraph 71 states a legal standard and characterizes a judicial decision, to which no response is required. To the extent a response is required, Project 7 denies that it engaged in any unlawful, unfair, or fraudulent conduct and denies the allegations of Paragraph 71.

72. Deny.

73. Deny.

74. Deny.

75. Project 7 admits that Plaintiff purports to seek the injunctive relief described in Paragraph 75. Project 7 denies that Plaintiff or any putative class member is entitled to that relief or to any relief, and denies the remaining allegations of Paragraph 75.

76. Deny.

**"Fraudulent" Prong:**

77. Paragraph 77 states a legal standard and characterizes a judicial decision, to which no response is required. To the extent a response is required, Project 7 denies that it engaged in any unlawful, unfair, or fraudulent conduct and denies the allegations of Paragraph 77.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

82. Deny.

83. Project 7 admits that Plaintiff purports to seek the injunctive relief described in Paragraph 83. Project 7 denies that Plaintiff or any putative class member is entitled to that relief or to any relief, and denies the remaining allegations of Paragraph 83.

84. Deny.

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

**"Unlawful" Prong:**

85. Paragraph 85 states a legal standard and characterizes a judicial decision, to which no response is required. To the extent a response is required, Project 7 denies that it engaged in any unlawful, unfair, or fraudulent conduct and denies the allegations of Paragraph 85.

86. Deny.

87. Paragraph 87 states legal conclusions to which no response is required. To the extent a response is required, Project 7 denies the allegations of Paragraph 87.

88. Paragraph 88 states legal conclusions and purports to characterize 21 C.F.R. § 101.22(j), which speaks for itself; no response is required. To the extent a response is required, Project 7 denies that the labeling of any Product violates 21 C.F.R. § 101.22(j) or any other federal or state labeling requirement, and denies the remaining allegations of Paragraph 88. Project 7 further avers that Paragraph 88 confirms that Plaintiff's claims depend on the federal labeling requirements of 21 C.F.R. § 101.22, which governs the labeling of flavors and chemical preservatives in food, and that Plaintiff does not allege that she read or relied upon the Products' ingredient statements.

89. Deny.

90. Deny.

91. Deny.

92. Project 7 admits that Plaintiff purports to seek the injunctive relief described in Paragraph 92. Project 7 denies that Plaintiff or any putative class member is entitled to that relief or to any relief, and denies the remaining allegations of Paragraph 92.

93. Deny.

**COUNT TWO**

**Violation of California False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.***

94. Project 7 incorporates by reference its responses to each of the preceding paragraphs of the Complaint as though fully set forth herein.

95. Project 7 admits that Plaintiff purports to bring the Second Cause of Action under California's False Advertising Law ("FAL") on behalf of herself and a putative California

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

Subclass. Project 7 denies that Plaintiff or any putative class member is entitled to any relief, denies that any class may properly be certified, and denies the remaining allegations of Paragraph 95.

96. Paragraph 96 purports to quote and characterize the FAL, which speaks for itself. No response is required. To the extent a response is required, Project 7 denies any characterization inconsistent with the statute and denies that it violated the FAL.

97. Deny.

98. Deny.

99. Deny.

100. Deny.

101. Deny. Project 7 further avers that punitive damages are not recoverable under the FAL.

**COUNT THREE**

**Violation of California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.***

102. Project 7 incorporates by reference its responses to each of the preceding paragraphs of the Complaint as though fully set forth herein.

103. Project 7 admits that Plaintiff purports to bring the Third Cause of Action under the CLRA on behalf of herself and a putative California Subclass. Project 7 denies that Plaintiff or any putative class member is entitled to any relief, denies that any class may properly be certified, and denies the remaining allegations of Paragraph 103.

104. Paragraph 104 purports to quote and characterize the CLRA, which speaks for itself. No response is required. To the extent a response is required, Project 7 denies any characterization inconsistent with the statute and denies that it violated the CLRA.

105. Paragraph 105 states a legal conclusion to which no response is required.

106. Paragraph 106 states a legal conclusion to which no response is required. To the extent a response is required, Project 7 admits that it is a “person” as defined in California Civil Code § 1761(c), and lacks knowledge or information sufficient to form a belief about the truth of the allegations as to any other defendant, and on that basis denies them.

107. Paragraph 107 states a legal conclusion to which no response is required. To the extent a response is required, Project 7 lacks knowledge or information sufficient to form a belief about whether Plaintiff or any putative class member purchased the Products for personal, family, or household purposes, and on that basis denies the allegations of Paragraph 107. Project 7 further denies that any "entity" included in the putative class definitions is a "consumer" under California Civil Code § 1761(d).

108. Paragraph 108 states a legal conclusion to which no response is required. To the extent a response is required, Project 7 lacks knowledge or information sufficient to form a belief about the purchases of Plaintiff and putative class members, and on that basis denies the allegations of Paragraph 108.

109. Deny, including each of subparagraphs (a) through (c).

110. Deny.

111. Deny.

112. Deny. Project 7 specifically denies that it suppressed or failed to disclose any material fact, and avers that the Products' ingredient statements disclose both the natural flavors in the Products and, where present, citric acid.

113. Deny.

114. Project 7 admits that it received a letter from Plaintiff's counsel dated December 9, 2025. Project 7 lacks knowledge or information sufficient to form a belief about the manner in which, or the addresses to which, Plaintiff's counsel sent that letter, and on that basis denies those allegations. Project 7 denies that Plaintiff's counsel was authorized to act on behalf of any member of the putative class, denies that Plaintiff satisfied California Civil Code § 1782 as to any Product, claim, or person not identified in the letter, and denies the remaining allegations of Paragraph 114.

115. Deny.

116. Project 7 admits that Plaintiff purports to seek the injunctive relief described in Paragraph 116 under California Civil Code § 1780. Project 7 denies that Plaintiff or any putative

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

class member is entitled to that relief or to any relief, and denies the remaining allegations of Paragraph 116.

117. Deny.

**COUNT FOUR**

**Breach of Express Warranty**

118. Project 7 incorporates by reference its responses to each of the preceding paragraphs of the Complaint as though fully set forth herein.

119. Deny. Project 7 specifically denies that it expressly warranted that the Products "do not contain artificial flavors or any flavoring ingredients with significant chemical modification," and avers that no such statement appears on the Products' labels.

120. Deny.

121. Deny.

122. Deny.

**COUNT FIVE**

**Unjust Enrichment/Restitution**

123. Project 7 incorporates by reference its responses to each of the preceding paragraphs of the Complaint as though fully set forth herein.

124. Project 7 admits that Plaintiff purports to bring the Fifth Cause of Action for unjust enrichment/restitution on behalf of herself and the putative Nationwide Class and California Subclass. Project 7 denies that Plaintiff or any putative class member is entitled to any relief, denies that any class may properly be certified, and denies the remaining allegations of Paragraph 124.

125. Project 7 lacks knowledge or information sufficient to form a belief about the purchases of Plaintiff and putative class members, and on that basis denies the allegations concerning them. Project 7 avers that Plaintiff alleges she purchased the Product from a third-party retailer, and denies that Plaintiff or any putative class member who purchased a Product from a third-party retailer conferred the purchase price on Project 7. Project 7 denies the remaining allegations of Paragraph 125.

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

126. Deny.

127. Deny.

128. Deny.

129. Deny. Project 7 further avers that punitive damages are not recoverable on a claim for unjust enrichment or restitution.

**COUNT SIX**

**Intentional Misrepresentation (Dismissed Without Leave to Amend, ECF No. 18)**

130–137. Paragraphs 130 through 137 relate solely to the Sixth Cause of Action for intentional misrepresentation, which the Court dismissed without leave to amend. ECF No. 18. No response is therefore required. To the extent a response is deemed required, Project 7 incorporates its responses to Paragraphs 1 through 129 and denies each of the allegations of Paragraphs 130 through 137.

**COUNT SEVEN**

**Negligent Misrepresentation**

138. Project 7 incorporates by reference its responses to each of the preceding paragraphs of the Complaint as though fully set forth herein.

139. Project 7 admits that Plaintiff purports to bring the Seventh Cause of Action for negligent misrepresentation on behalf of herself and the putative Nationwide Class and California Subclass. Project 7 denies that Plaintiff or any putative class member is entitled to any relief, denies that any class may properly be certified, and denies the remaining allegations of Paragraph 139.

140. Project 7 admits that the labels of certain Products bear the words "Naturally Flavored" and that citric acid is an ingredient in certain Products. Project 7 denies that it negligently labeled or marketed the Products, denies that it misrepresented the quality of any ingredient, and denies the remaining allegations of Paragraph 140.

141. Deny.

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

142. Deny. Project 7 avers that it had, and has, reasonable grounds for believing that the words "Naturally Flavored" are true, including because the Products are flavored with natural flavors and because the Products' flavor labeling is consistent with 21 C.F.R. § 101.22.

143. Deny.

144. Deny.

145. Deny.

**PRAYER FOR RELIEF**

146. Paragraph 146, including subparagraphs (a) through (h), constitutes Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Project 7 denies that Plaintiff or any putative class member is entitled to any of the relief requested, or to any relief whatsoever.

**DEMAND FOR JURY TRIAL**

Plaintiff's jury demand requires no response. To the extent a response is required, Project 7 denies that Plaintiff is entitled to a jury trial on her claims for equitable relief, including her claims under the UCL and FAL and her claim for restitution, or on questions of law, including whether Plaintiff's claims are preempted by federal law.

**AFFIRMATIVE DEFENSES**

Project 7 asserts the following defenses without assuming any burden of proof, persuasion, or production that it would not otherwise bear, and without conceding that each must be pleaded as an affirmative defense. Each defense is pleaded in the alternative where necessary.

**FIRST AFFIRMATIVE DEFENSE**

**(Express Federal Preemption)**

Plaintiff's claims are expressly preempted. The Federal Food, Drug, and Cosmetic Act ("FDCA") preempts any state-law requirement for the labeling of artificial flavoring under 21 U.S.C. § 343(k) that is "not identical to" the federal requirement. 21 U.S.C. § 343-1(a)(3). FDA's implementing regulation defines "natural flavor" to include flavoring constituents derived from plant material "or fermentation products thereof," and requires an "artificial" or "artificially flavored" designation only where a food contains an artificial flavor that simulates, resembles, or

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

reinforces its characterizing flavor. 21 C.F.R. § 101.22(a)(1), (a)(3), (i).

The Products contain natural flavors, and the words "Naturally Flavored" on their labels are consistent with § 101.22. Citric acid is not a flavor in the Products and does not characterize, simulate, resemble, or reinforce their characterizing flavors, so § 101.22(i) requires no "artificial" designation on account of citric acid. Independently, the citric acid used in the Products is produced through a traditional fermentation process in which a microorganism ferments a corn-based substrate and converts it into citric acid. It is therefore a fermentation product of plant material and, even if it were deemed a flavor, would be a "natural flavor" under § 101.22(a)(3). Plaintiff's claims would require an "artificial flavor" designation that federal law does not require, and would classify flavors by processing method, alleged residues, or "significant chemical modification" rather than by the source-based standard of § 101.22. Those are labeling requirements not identical to federal law.

Whether the Products' flavor labeling complies with § 101.22 is a question of law for the Court. It turns on a discrete set of facts concerning the citric acid ingredient, principally its function in the Products, the substrate from which it is produced, and the fermentation process that produces it, and its resolution is dispositive of every claim in the Complaint.

**SECOND AFFIRMATIVE DEFENSE**

**(Implied Federal Preemption)**

Plaintiff's claims are impliedly preempted. Enforcement of the FDCA is committed to the United States, 21 U.S.C. § 337(a), and Plaintiff's claims, including her "unlawful" prong theory under 21 C.F.R. § 101.22(j) (Compl. ¶ 88), would require the factfinder to determine whether the Products' labeling violates FDA's flavor and preservative labeling regulations. Plaintiff's claims would also impose state-law labeling obligations that conflict with the uniform national flavor-labeling scheme established by 21 C.F.R. § 101.22.

**THIRD AFFIRMATIVE DEFENSE**

**(California Safe Harbor)**

Plaintiff's UCL, FAL, and CLRA claims are barred by California's safe harbor doctrine. California has adopted FDA's food labeling regulations, including 21 C.F.R. § 101.22, as the law

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

of the State. Cal. Health & Safety Code § 110100(a). Those regulations permit a food that contains natural flavors, and that contains no artificial flavor simulating, resembling, or reinforcing its characterizing flavor, to be labeled as naturally flavored without any "artificial" designation. Plaintiff may not use California's consumer protection statutes to penalize labeling that California law permits.

**FOURTH AFFIRMATIVE DEFENSE**

**(Primary Jurisdiction)**

To the extent the Court concludes that 21 C.F.R. § 101.22 does not resolve whether citric acid produced by fermentation of a plant-derived substrate is a natural flavor, that question falls within the special competence of FDA, and the Court should stay or dismiss this action under the primary jurisdiction doctrine. Plaintiff alleges that the production method she challenges accounts for nearly all citric acid used in food (Compl. ¶¶ 24, 26), so a ruling adopting her theory would effectively set a national labeling standard for an entire category of foods.

**FIFTH AFFIRMATIVE DEFENSE**

**(Truthful and Lawful Labeling)**

The words "Naturally Flavored" are true. The Products contain natural flavors apart from citric acid, contain no artificial flavors, and are labeled in compliance with the FDCA, 21 C.F.R. § 101.22, and California's Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code § 109875 *et seq.* Plaintiff's claims fail for that reason.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Duty to Disclose)**

Plaintiff does not allege that the Products lack natural flavors. Her claim is that the Products' labels should have included an "artificial flavor" designation, or some other statement about citric acid, in addition to the accurate words "Naturally Flavored." That is a claim of omission, and Project 7 had no duty to make the allegedly omitted disclosure. The only potential source of such a duty is 21 C.F.R. § 101.22, which does not require it, and the Products' ingredient statements disclose citric acid where it is used.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith and Reasonable Grounds)**

Project 7 at all times believed in good faith, and had reasonable grounds to believe, that the words "Naturally Flavored" were true and consistent with 21 C.F.R. § 101.22. Project 7's good faith and reasonable grounds bar Plaintiff's negligent misrepresentation claim and any claim for punitive damages.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiff lacks standing, in whole or in part. She received the naturally flavored candy she paid for and suffered no economic injury. She lacks standing to seek injunctive relief because she now contends that commercially produced citric acid is artificial, and citric acid is disclosed on the Products' ingredient statements, so she faces no threat of future deception. She also lacks standing to assert claims regarding Products she did not purchase and claims arising under the laws of states other than California.

**NINTH AFFIRMATIVE DEFENSE**

**(No Reliance, Causation, or Materiality)**

Plaintiff alleges that she relied only on the front label of the Product she purchased (Compl. ¶ 10), not on any website content (Compl. ¶ 34). The words "Naturally Flavored" were not material to, and did not cause, the purchases of Plaintiff or putative class members, who buy the Products for many reasons, including taste, flavor variety, reduced sugar content, and the brand and its founder.

**TENTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

The claims of Plaintiff and putative class members are barred, in whole or in part, by the applicable statutes of limitations, including Cal. Bus. & Prof. Code § 17208, Cal. Code Civ. Proc. §§ 338 and 339, Cal. Civ. Code § 1783, Cal. Com. Code § 2725, and the limitations periods of other jurisdictions. Among other things, the putative classes reach back four years before the Complaint was filed (Compl. ¶ 43), beyond the three-year limitations periods that govern the

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

FAL and CLRA claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiff's claims for equitable relief, including restitution, injunctive relief, and unjust enrichment, are barred because Plaintiff has an adequate remedy at law for the alleged price premium she seeks to recover through her damages claims.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Damages; Offset)**

Plaintiff and putative class members suffered no cognizable damages, and any alleged price premium is speculative. Project 7 does not set the retail prices at which third-party retailers sell the Products. Any monetary recovery must be limited to amounts Project 7 actually received, must be offset by the value of the Products that Plaintiff and putative class members received and consumed, and may not duplicate any other recovery.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Not Recoverable)**

Punitive damages are not recoverable under the UCL or FAL or on a claim for unjust enrichment, and Plaintiff cannot establish malice, oppression, or fraud by clear and convincing evidence under Cal. Civ. Code § 3294. The Court has already dismissed Plaintiff's intentional misrepresentation claim for failure to plead knowledge of falsity. ECF No. 18. Any award of punitive damages would also violate due process.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(CLRA Requirements)**

Plaintiff's CLRA claim is barred, in whole or in part, to the extent she failed to satisfy Cal. Civ. Code §§ 1780 and 1782, and as to any putative class member who is not a "consumer" under Cal. Civ. Code § 1761(d), including the "entities" within Plaintiff's class definitions (Compl. ¶ 43).

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Breach of Express Warranty)**

Project 7 made no warranty that the Products "do not contain artificial flavors or any flavoring ingredients with significant chemical modification" (Compl. ¶ 119), and the Products conformed to the words on their labels. Plaintiff's warranty claim is further barred to the extent she or putative class members failed to give timely notice of the alleged breach under Cal. Com. Code § 2607(3)(A) or lacked privity where applicable law requires it.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Unjust Enrichment)**

Plaintiff and putative class members who purchased the Products from third-party retailers, as Plaintiff alleges she did (Compl. ¶ 10), conferred no direct benefit on Project 7. Project 7's retention of any benefit is not unjust because the Products' labeling is truthful and lawful.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Non-Actionable Statements and Statements of Others)**

Statements such as "No Junk," "without all the junk," and "better-for-you" are non-actionable puffery. Project 7 is not responsible for content published by third-party retailers or others on websites or in other media that Project 7 does not control.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Products Not Substantially Similar)**

Plaintiff identifies a single specific purchase: one flavor (Berry Mix) of one Product (Joyride Gummy Busters) from one Target store in San Jose, California (Compl. ¶ 10). The Complaint nonetheless seeks to sweep in nine distinct product lines and more than twenty flavors (Compl. ¶ 5 & nn.1–6), most of which Plaintiff does not allege she purchased. Those Products are not substantially similar to the Product Plaintiff purchased or to one another. They differ in product type (including gummies, strips, ropes, twists, wedges, and chews), formulation, ingredients, flavor profile, texture, labeling and packaging, and the amount and role of citric acid. Plaintiff cannot pursue claims regarding Products she did not purchase.

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Class Treatment Improper)**

This action cannot be maintained as a class action under Federal Rule of Civil Procedure 23. Plaintiff's experience is not representative of the putative classes. Her claims arise from her own purchase of a particular Product at a particular retailer and her alleged reliance on a single front-label statement, while putative class members purchased different Products, with different flavors, formulations, and labels, through different retailers and online channels, at different prices, and for different reasons. Many purchasers did not see, read, or care about the words "Naturally Flavored," and the role of citric acid differs across Products. Individual questions of exposure, reliance, materiality, injury, and damages, and the varying laws of the states in which putative class members purchased the Products, predominate over any common questions, and Plaintiff is neither a typical nor an adequate class representative. Rule 23(b)(2) certification is unavailable because Plaintiff seeks predominantly monetary relief, and class treatment would deny Project 7 its due process right to present individualized defenses.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Lack of Personal Jurisdiction Over Non-California Class Claims)**

Project 7 is a Texas corporation with its principal place of business in Texas. The Court lacks specific personal jurisdiction over Project 7 as to the claims of putative class members who are not California residents and who did not purchase the Products in California, because those claims do not arise out of or relate to Project 7's contacts with California. *See Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255 (2017). Project 7 asserts this defense now to preserve it should any class be certified.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Extraterritoriality and Choice of Law)**

California's consumer protection statutes do not apply to purchases made outside California by non-residents, and the challenged labeling decisions were not made in California. The claims of non-California putative class members are governed by the materially different laws of the states where they purchased the Products, and applying California law to those claims

would violate due process.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, and Laches)**

Plaintiff alleges that she purchased various flavors of the Products over time (Compl. ¶ 10), and citric acid was disclosed on the Products' ingredient statements throughout. To the extent Plaintiff or putative class members continued purchasing the Products with knowledge of their ingredients, or unreasonably delayed in asserting their claims, their claims for equitable relief are barred by waiver, estoppel, and laches.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint, and each cause of action in it, fails to state a claim upon which relief can be granted. Project 7 preserves this defense under Federal Rule of Civil Procedure 12(h)(2).

**RESERVATION OF RIGHTS**

Project 7 reserves the right to assert additional defenses as they become known through investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Project 7 prays for judgment as follows:

(a) That Plaintiff take nothing by the Complaint, and that the Complaint be dismissed with prejudice;

(b) That judgment be entered in favor of Project 7 and against Plaintiff on each cause of action;

(c) That the Court deny certification of any class;

(d) That Project 7 be awarded its costs of suit and, to the extent permitted by law, including Cal. Civ. Code § 1780(e), its reasonable attorneys' fees; and

(e) That the Court award Project 7 such other and further relief as it deems just and proper.

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

LAW OFFICES
CIVIL COUNSEL GROUP
200 E. VAN BUREN STREET, SUITE 1000
PHOENIX, ARIZONA 85004
(602) 691-0808

DATED: October 26, 2026.

Respectfully submitted,

CIVIL COUNSEL GROUP, LLP

By: */s/ Peter A. Arhangelsky*
Peter A. Arhangelsky
*Attorney for Defendant Project 7, Inc.*